Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III Especial

| | | |
|---|---|---|
| EDWIN PÉREZ HERNÁNDEZ POR SÍ Y COMO MIEMBRO DEL CONSEJO DE TITULARES DEL CONDOMINIO LAGUNA PLAZA Y EL CONSEJO DE TITULARES DEL CONDOMINIO LAGUNA PLAZA POR SÍ Y EN REPRESENTACIÓN DE LOS TITULARES<br><br>Peticionario<br><br>v.<br><br>PASEO CARIBE COMMERCIAL, LLC, LAS BRISAS PROPERTY MANAGEMENT, INC. SAN GERÓNIMO CARIBE PROJECT, INC.; NEWAGE VENTURES LLC<br><br>Recurrida | KLCE202400800 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso núm.: SJ2023CV05760<br><br>Sobre: Injunction (Entredicho Provisional, Injunction Preliminar y Permanente) |

Panel integrado por su presidente, el juez Figueroa Cabán, el juez Bonilla Ortiz, la jueza Mateu Meléndez

**Figueroa Cabán, Juez Ponente**

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 21 de agosto de 2024.

Comparecen Edwin Pérez Hernández, por sí y como miembro del Consejo de Titulares del Condominio Laguna Plaza, en adelante el señor Pérez o peticionario, y el Consejo de Titulares del Condominio Laguna Plaza, por sí y en representación de sus titulares, en adelante Condominio, en conjunto, los peticionarios. Solicitan que revoquemos una *Orden* emitida[1] por el Tribunal de Primera Instancia, Sala de San Juan, em adelante TPI,

---

[1] La Orden fue notificada y archivada en autos el 17 de junio de 2024.

Número Identificador
RES2024_____

que declaró No Ha Lugar una *Moción de Reconsideración de Orden que Denegó una Solicitud de Orden en Torno a Parte Adicional con Interés*, presentada por los peticionarios.

Por los fundamentos que expondremos a continuación, se deniega la expedición del auto de *Certiorari*.

**-I-**

Mediante la presentación de una *Demanda y Petición de Injunction* preliminar y permanente, al amparo de la Regla 57 de Procedimiento Civil[2] y el Artículo 277 del Código de Enjuiciamiento Civil,[3] los peticionarios alegaron que Paseo Caribe Commercial, LLC, en adelante Paseo Caribe y Las Brisas Property Management, Inc., en adelante las Brisas, en conjunto los recurridos, estorban, restringen y menoscaban su derecho de acceso público y paso al Camino al Fortín San Jerónimo del Boquerón.[4]

Sostienen que los recurridos utilizan el camino como estacionamiento de vehículos y servicio de valet, en contravención del acuerdo pactado en el *Convenio Preliminar de Reconocimiento de Acceso Público a Perpetuidad e Irrestricto del Pueblo de Puerto Rico al Fortín San Jerónimo del Boquerón*,[5] suscrito entre el Instituto de Cultura de Puerto Rico, el Estado Libre Asociado de Puerto Rico, el Hilton International of Puerto Rico y San Gerónimo Caribe Project, Inc., y en la Escritura de Compraventa Número 50,[6] autorizada por

---

[2] Regla 57 de Procedimiento Civil de 2009 (32 LPRA Ap. V).
[3] Art. 277 del Código de Enjuiciamiento Civil de Puerto Rico de 1933 (32 LPRA sec. 2761).
[4] Apéndice de los peticionarios, págs. 1-17.
[5] Apéndice de los recurridos, págs. 192-199.
[6] *Id*., págs. 232-243.

Newage Ventures, LLC, y Paseo Caribe Commercial, LLC, en adelante PCC.

Después de varios trámites judiciales, los peticionarios presentaron una segunda demanda enmendada, en la que peticionaron remedios nuevos bajo causas de acción, tales como: sentencia declaratoria, injunction estatutario por estorbo público, incumplimiento de contrato y cumplimiento específico.

Posteriormente, los peticionarios desistieron de las reclamaciones interdictales de carácter preliminar bajo la Regla 57, *supra*, y el Artículo 277 del Código de Enjuiciamiento Civil, *supra*.[7] También, solicitaron al TPI continuar su reclamo bajo el trámite ordinario.[8]

Más adelante, los peticionarios presentaron una *Tercera Demanda Enmendada*, en la que añadieron como causas de acción la Acción Confesoria de Servidumbre, Servidumbre Forzosa y Nulidad de Escritura de Enajenación de Inmueble de Uso Público.[9] En su parte pertinente, argumentaron que la venta de la parcela 1,084, después de que fue segregada para destinarla como el Camino al Fortín, es nula por ser un bien reservado para uso público. Ante ello, reclamaron que "declare nulos todos los negocios jurídicos de compraventa e hipotecas de la parcela 1,084, incluyendo la Escritura Núm. 333 de Compraventa y la Escritura Número 50 de Compraventa y las escrituras de hipoteca".

Al día siguiente en que presentaron la *Tercera Demanda Enmendada*, los peticionarios sometieron una *Solicitud de Orden en Torno a Parte Adicional con*

---

[7] *Id.*, págs. 104-105.
[8] *Id.*
[9] Apéndice de los peticionarios, págs. 46-86.

*Interés.*[10] Alegaron que First Bank Puerto Rico, en adelante First Bank, tiene un interés en la parcela 1,084, sobre la cual el banco otorgó una hipoteca a PCC. Entienden que ante su solicitud de que se declare nulo el negocio jurídico de compraventa e hipoteca otorgado por First Bank, este último se convierte en parte indispensable ya que su interés podría verse afectado.[11]

Así las cosas, el TPI declaró no ha lugar la solicitud de los peticionarios.[12]

Inconformes, los peticionarios presentaron una *Moción de Reconsideración de Orden,*[13] que el TPI denegó[14]. Además, el foro sentenciador declaró que "si la parte demandante entiende que falta una parte indispensable, debió incluirla en la tercera demanda enmendada".[15]

Insatisfechos, los peticionarios presentaron un recurso de *Certiorari* en el que señalaron como único error el siguiente:

> ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DENEGAR LA SOLICITUD PARA ACUMULAR A UNA PARTE INDISPENSABLE SIN ANÁLISIS O FUNDAMENTO LEGAL ALGUNO.

Luego de revisar los escritos de las partes, y los documentos que obran en autos, estamos en posición de resolver.

-II-

A.

Como cuestión de umbral, la Regla 52.1 de Procedimiento Civil establece el alcance de la revisión discrecional de las resoluciones u órdenes

---

[10] *Id.*, págs. 87-89.
[11] *Id.*
[12] *Id.*, págs. 90-91.
[13] *Id.*, págs. 92-99.
[14] *Id.*
[15] *Id.*

interlocutorias emitidas por el Tribunal de Primera Instancia en los siguientes términos:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia[…].[16]

**1.**

Rebasado el umbral establecido en la Regla 52.1 de Procedimiento Civil, *supra*, corresponde a este tribunal intermedio determinar si procede revisar la determinación interlocutoria recurrida.

A esos efectos, el auto de *certiorari* es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior.[17] Distinto al recurso de apelación, el tribunal de superior jerarquía tiene la facultad de expedir el auto de *certiorari* de manera discrecional, por tratarse de ordinario de asuntos interlocutorios.[18] Sin embargo, nuestra discreción debe ejercerse de manera razonable, procurando siempre lograr una solución justiciera.[19]

---

[16] Regla 52.1 de Procedimiento Civil (32 LPRA Ap. V).

[17] *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023); *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728-729 (2016); *García v. Padró*, 165 DPR 324, 334 (2005).

[18] *Torres González v. Zaragoza Meléndez*, *supra*, pág. 847; *Medina Nazario v. McNeil Healthcare LLC*, *supra*, pág. 729; *García v. Padró*, *supra*, pág. 334.

[19] *Torres González v. Zaragoza Meléndez*, *supra*, pág. 847; *Municipio v. JRO Construction*, 201 DPR 703, 711-712 (2019); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 338 (2012); *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008).

Por su parte, la Regla 40 del Reglamento de este Tribunal establece los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari*. Sobre el particular dispone:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> A.   Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B.   Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C.   Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D.   Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E.   Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F.   Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G.   Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[20]

**B.**

La acumulación indispensable de partes está gobernada por la Regla 16 de Procedimiento Civil.[21] Así pues, una parte indispensable es aquella persona cuyos derechos e intereses podrían quedar destruidos o inevitablemente afectados por una sentencia dictada en su ausencia.[22] Esta regla persigue el propósito de proteger a la persona ausente de los posibles efectos

---

[20] *Torres González v. Zaragoza Meléndez*, *supra*, pág. 848; *Municipio v. JRO Construction*, *supra*; 4 LPRA Ap. XXII-B, R. 40.
[21] Regla 16 de Procedimiento Civil (32 LPRA Ap. III).
[22] *Pérez Ríos v. Luma Energy LLC.*, 2023 TSPR 136, __ DPR __ (2023).

perjudiciales de un dictamen judicial y evitar la multiplicidad de pleitos.[23]

Específicamente, la Regla 16.1 de Procedimiento Civil dispone:

> Las personas que tuvieren un interés común sin cuya presencia no pueda adjudicarse la controversia, se harán partes y se acumularán como demandantes o demandadas según corresponda. Cuando una persona que deba unirse como demandante rehusare hacerlo, podrá unirse como demandada.[24]

Una vez se concluya que una parte es indispensable, el pleito no podrá adjudicarse sin su presencia.[25] En tal caso, dicha persona tiene que hacerse formar parte en el pleito.

> De tal arraigo es el interés de proteger a las partes indispensables, que la no inclusión en el pleito de una parte indispensable constituye una defensa irrenunciable, la cual puede presentarse en cualquier momento durante el proceso. Incluso, los tribunales apelativos deben levantar *motu proprio* la falta de parte indispensable, debido a que ésta incide sobre la jurisdicción del tribunal. De reconocerse que está ausente una parte indispensable, debe desestimarse la acción. Sin embargo, dicha desestimación no tendrá el efecto de una adjudicación en los méritos ni, por ende, de cosa juzgada.[26]

Finalmente, el estándar que debe cumplir quien alega ser parte indispensable en un pleito consiste en establecer un interés común con el que demuestre que sin su presencia no puede adjudicarse la controversia. Adviértase que no se trata de un mero interés en la controversia, sino de aquel de tal orden que impida la confección de un decreto adecuado sin afectarlo.[27] Este debe ser, además, de índole real e inmediato.[28]

---

[23] *Id.*
[24] Regla 16.1 de Procedimiento Civil (32 LPRA Ap. III).
[25] *Pérez Ríos v. Luma Energy LLC., supra; Pérez Rosa v. Morales Rosado*, 172 DPR 216, 223 (2007).
[26] *Pérez Rosa v. Morales Rosado, supra,* págs. 223-224. (Citas omitidas).
[27] *Pérez Ríos v. Luma Energy LLC., supra; Deliz Muñoz v. Igartúa*, 158 DPR 403 (2003); *Sánchez Encarnación v. Sánchez Brunet*, 154 DPR 645 (2001).
[28] *FCPR v. ELA et al.*, 211 DPR 521, 531 (2023).

**c.**

Por otro lado, es norma firmemente establecida que los tribunales apelativos otorgan deferencia a las determinaciones del foro sentenciador, "salvo que se demuestre que hubo un craso abuso de discreción o que el tribunal actuó con prejuicio y parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial".[29] Conviene destacar que "la discreción se fundamenta [,entre otras,] en el contacto con los litigantes y la prueba que se haya presentado"[30] ante el foro inferior. Por esta razón, se presume que el Tribunal de Primera Instancia conoce mejor las particularidades del caso y está en mejor posición para tomar las medidas necesarias que permitan cimentar el curso a trazar para llegar eventualmente a una disposición final.[31]

De modo que, el ejercicio de las facultades discrecionales por el foro de instancia merece nuestra deferencia salvo que incurra en algunas de las conductas previamente mencionadas y si a la luz de la prueba admitida, "no exista base suficiente que apoye su determinación".[32] Específicamente, el Tribunal Supremo de Puerto Rico ha delimitado las instancias en las que

---

[29] *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). Véase, además, *Banco Popular de Puerto Rico v. Gómez Alayón*, 2023 TSPR 145, 213 DPR __ (2023); *Cruz Flores v. Hospital Ryder Memorial Inc.*, 210 DPR 465, 497 (2022); *SLG Fernández-Bernal v. RAD-MAN et al.*, 208 DPR 310, 338 (2021); *VS PR, LLC v. Drift-Wind, Inc.*, 207 DPR 253, 273 (2021); *Umpierre Matos v. Juelle, Mejía*, 203 DPR 254, 276 (2019); *Citibank et al. v. ACBI et al.*, 200 DPR 724, 736 (2018); *SLG Torres-Matundan v. Centro Patología*, 193 DPR 920, 933 (2015).
[30] *Citibank v. ACBI et al.*, *supra*, pág. 736.
[31] *Meléndez Vega v. El Vocero de PR*, 189 DPR 123, 142 (2013); *Mejías et al. v. Carrasquillo et al*, 185 DPR 288, 306-307 (2012). Véase, además, *Banco Popular de Puerto Rico v. Gómez Alayón*, *supra*.
[32] *Gómez Márquez et al. v. El Oriental*, 203 DPR 783, 794 (2020).

un tribunal abusa de su discreción de la siguiente manera:

> [C]uando no toma en cuenta e ignora en la decisión que emite, sin fundamento para ello, un hecho material importante que no podía ser pasado por alto; cuando el juez, por el contrario, sin justificación ni fundamento alguno, concede gran peso y valor a un hecho irrelevante e inmaterial y basa su decisión exclusivamente en éste; o cuando, [...] [tras] considerar y tomar en cuenta todos los hechos materiales e importantes y descartar los irrelevantes, el juez los sopesa y calibra livianamente.[33]

## -III-

En su recurso, los peticionarios afirman que el TPI incidió "al denegar la solicitud de acumulación de First Bank Puerto Rico sin antes evaluar y determinar si, en efecto, dicha parte tiene un interés sobre la parcela 1,084 y si la solicitud de nulidad de dicho negocio jurídico incide sobre dicho interés conforme a los preceptos de la Regla 16.1 de Procedimiento Civil […]". Alegan que la decisión del TPI trastoca el debido proceso de ley "que requiere que se acumulen a todas las partes que tengan un interés común en el pleito". Aseguran también, que el foro *a quo* "concedió demasiado peso a un hecho inmaterial (que no se incluyó en la *Tercera Demanda Enmendada*) y fundamentó su determinación en ese hecho irrelevante a la determinación". Por ello, sostienen que el pronunciamiento del tribunal recurrido es uno arbitrario, caprichoso, "sin análisis ni fundamento alguno".

Por su parte, los recurridos aseguran que los peticionarios carecen de legitimación activa y pasiva

---

[33] *Banco Popular de Puerto Rico v. Gómez Alayón*, *supra*. Véase, además, *Rivera Gómez v. Arcos Dorados Puerto Rico, Inc.*, 2023 TSPR 65 (2023); *SLG Zapata-Rivera v. JF Montalvo*, 189 DPR 414, 435 (2013) (citando a *Pueblo v. Rivera Santiago*, 176 DPR 559, 580 (2009)).

para reclamar la nulidad de las escrituras y negocios jurídicos incluidos en la *Tercera Demanda Enmendada*. Ello así, debido a que los peticionarios no son partes suscribientes en la escritura de hipoteca otorgada por First Bank y PCC, ni de los demás negocios jurídicos que se incluyen en la *Tercera Demanda Enmendada*. Por tanto, sostienen que los peticionarios no tienen derecho a presentar una acción de nulidad de las escrituras y mucho menos a cuestionar la validez de los negocios jurídicos en los que no son partes.

Es necesario añadir, que los recurridos alegan que los remedios solicitados por los peticionarios son contrarios a lo resuelto por el Tribunal Supremo de Puerto Rico en el caso de *San Gerónimo Caribe Project v. ELA I*,[34] en el que se estableció que los terrenos ganados al mar, incluyendo la finca 1,084, están desafectados y ahora pertenecen al patrimonio privado de PPC, por lo cual constituyen bienes patrimoniales susceptibles de ser vendidos e hipotecados. Por consiguiente, la presentación de una acción de nulidad de la escritura otorgada por First Bank, bajo el pretexto de que la finca en cuestión es supuestamente de dominio público, es totalmente improcedente.

Finalmente, para los recurridos la *Demanda* se enmendó en varias ocasiones, de modo que los peticionarios tuvieron múltiples oportunidades para "enmendar su reclamación e incluir a partes indispensables, como First Bank, pero en cuanto a esta[,] decidió no hacerlo oportunamente". En consecuencia, entienden que el foro recurrido actuó

---

[34] *San Gerónimo Caribe Project v. ELA I*, 174 DPR 518 (2008).

correctamente al denegar la *Solicitud de Orden en torno a Parte Adicional con Interés* y la *Moción de Reconsideración de Orden que Denegó Solicitud de Orden en torno a Parte Adicional con Interés*.

Como cuestión de umbral, debemos señalar que no estamos convencidos de que el recurso de *certiorari* presentado por los peticionarios cumpla con los criterios que exige la Regla 52.1 de Procedimiento Civil, *supra*, para que se autorice su revisión. Aun así, y concediéndole el beneficio de la duda a los peticionarios, evaluaremos si éste cumple con alguno de los criterios enumerados en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, y anticipamos que no cumple con ninguno de los requisitos de la norma precitada.

Luego de un examen detenido de las alegaciones de las partes y la prueba documental, no advertimos que el TPI haya cometido un abuso de su discreción o actuado con perjuicio y parcialidad el denegar la *Solicitud de Orden en torno a Parte Adicional con Interés* y la *Moción de Reconsideración* […] presentadas por los peticionarios.[35] Ello es así, debido a que su decisión no es contraria a lo preceptuado en la Regla 16.1 de Procedimiento Civil, *supra*, y su jurisprudencia interpretativa.[36]

A esto hay que añadir, que no existe indicio alguno de abuso de discreción del foro recurrido al denegar el reclamo de los peticionarios.

---

[35] *SLG Fernández-Bernal v. RAD-MAN et al.*, *supra*; *SLG Torres-Matundan v. Centro Patología*, *supra*.
[36] Regla 40 (A) del Reglamento del Tribunal de Apelaciones, *supra*.

Finalmente, tampoco hallamos que se justifique la expedición del auto al amparo de los restantes criterios de la Regla 40, *supra*.

## -IV-

Por los fundamentos expresados, se deniega la expedición del auto de *Certiorari.*

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones